IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNIFER THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 14-1023-SLR ) |
| NEW CASTLE COUNTY POLICE DEPARTMENT and MARY MILAN, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Jennifer Thomas ("plaintiff") filed this lawsuit on August 6, 2014 alleging constitutional violations under federal law and the wrongful death of her fiancé under state law. (D.I. 2) She proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.

2. Plaintiff alleges that proper procedures were not used during the traffic stop of James Green ("Green"), her fiancé and father of her children. Plaintiff alleges that defendants violated Green's constitutional rights when, during the August 9, 2012 traffic stop, defendant police officer Mary Milan ("Milan") shot him in the back of the head. Green died the next day. Plaintiff seeks compensatory damages and a criminal conviction.

3. **Discussion.** Having reviewed the allegations of the complaint, the court concludes that plaintiff lacks standing as she is the not real party in interest. Courts are obligated to raise the issue of standing *sua sponte*. *See FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (courts have independent obligation to ensure that federal jurisdiction is present). The party invoking federal

jurisdiction bears the burden of establishing the elements of standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In addition, "a person does not have standing to vindicate the constitutional rights of a third party." James v. York Cnty. Police Dep't, 160 F. App'x 126, 131 (3d Cir. 2005) (unpublished) (citing Barrows v. Jackson, 346 U.S. 249, 255 (1953)). The complaint does not indicate that plaintiff is the executor or administrator of the estate of Green, that Green's children are minors, or that she is the legal custodian of Green's children.

4. Given plaintiff's *pro se* status, she will be given leave to amend the complaint to name the real party in interest pursuant to Fed. R. Civ. P. 17(a). See Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought: (A) an executor; (B) an administrator . . . ."). See also, Bell v. Cumberland Cnty., 2012 WL 1900570 (D.N.J. 2012) (as administrator of her husband's estate, plaintiff has the authority to prosecute, manage and settle the case).

5. **Conclusion.** Plaintiff will be given leave to amend the complaint to name the real party in interest. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Date: October 31, 2014

2