IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNIFER THOMAS, Executor of the Estate of James Green, )<br>)<br>) | |
| Plaintiff, )<br>) | |
| v. ) | Civ. No. 14-1023-SLR |
| ) | |
| NEW CASTLE COUNTY POLICE DEPARTMENT and MARY MALIN, )<br>)<br>) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 29th day of February, 2016, having reviewed defendants' motion to dismiss (D.I. 17), and the papers submitted in connection therewith, the court issues its decision based on the following analysis:

1. **Background.** Plaintiff Jennifer Thomas ("plaintiff") filed this lawsuit on August 6, 2014 alleging constitutional violations under federal law and the wrongful death of her fiancé and father of her children, James Green ("Green"), under state law. (D.I. 2) She proceeds pro se and has been granted leave to proceed in forma pauperis. Plaintiff alleges defendants New Castle County Police Department ("NCCPD") and Officer Mary Malin ("Malin") (collectively, "defendants") failed to employ proper procedures during a traffic stop on August 9, 2012. Plaintiff alleges that, during this traffic stop, Malin shot Green in the back of the head. Green died the next day.

2. On October 31, 2014, the court issued a memorandum stating that plaintiff lacked standing as she is not the real party in interest. (D.I. 6) The court granted

plaintiff leave to file an amended complaint naming the real party in interest. (D.I. 7) On November 26, 2014, plaintiff filed an amended complaint. (D.I. 8) On January 26, 2015, the court again issued a memorandum stating that plaintiff is not the real party in interest because the amended complaint "does not indicate that plaintiff is the executor or administrator of the estate of Green, that Green's children are minors, or that she is the legal custodian of Green's children." (D.I. 9 at ¶ 2) Due to plaintiff's pro se status, the court again granted plaintiff leave to amend the complaint to name the real party in interest pursuant to Fed. R. Civ. P. 17(a). (Id.) The court subsequently dismissed the complaint without prejudice and gave plaintiff "one final opportunity to file a second amended complaint naming the real party in interest pursuant to Fed. R. Civ. P. 17 within 30 days from the date of [the] order." (D.I. 10)

3. On February 25, 2015, plaintiff filed a second amended complaint stating that plaintiff is the executor of Green's estate.[1] (D.I. 12) The court acknowledged this statement and directed the Clerk of Court to state on the court docket that plaintiff is the executor of Green's estate. (D.I. 13) On May 14, 2015, defendants accepted service of plaintiff's amended complaint. (D.I. 14, 15)

4. On August 3, 2015, defendants filed a motion to dismiss plaintiff's claim.[2] (D.I. 17) On September 28, 2015, the court ordered that plaintiff file an answer in

---

[1] The relevant portion of plaintiff's second amended complaint appears to read, "I will attempt to fight for [Green's] rights. I am now indicating I am the executor of James Green."

[2] Defendants seek to dismiss plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that plaintiff does not have standing to bring this claim in the capacity as the executor of Green's estate. (D.I. 17 at ¶ 11) Defendants also argue that the court should dismiss plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the factual allegations included in the complaint do not satisfy the applicable pleading standard. (D.I. 17 at ¶ 19) Lastly, defendants assert that

2

response to defendants' motion to dismiss on or before October 16, 2015 and that defendants may file and serve a reply brief on or before October 28, 2015. (D.I. 20) On October 16, 2015, plaintiff filed a motion for extension of time to file a response to defendants' motion to dismiss. (D.I. 21) The court granted plaintiff's motion for extension of time on October 26, 2015, stating plaintiff shall file and serve an answering brief in response to defendants' motion by November 30, 2015. (D.I. 23 at ¶ 1)

5. On December 2, 2015, plaintiff requested an additional extension of time to file a response by December 10, 2015. (D.I. 24) On December 10, 2015, plaintiff filed a response to defendants' motion to dismiss, reiterating her allegations concerning defendants' conduct during the traffic stop preceding Green's death.[3] (D.I. 25)

6. **Legal Standard**. Federal Rule of Civil Procedure 12(b)(1) permits a party to raise the defense of lack of subject matter jurisdiction by filing a motion. Fed. R. Civ. P. 12(b)(1). A court lacks subject matter jurisdiction if a party does not have standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (describing standing as an "essential and unchanging part of the case-or-controversy requirement of Article III"). Further, "[t]he party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]." Id. at 561. Under Lujan, standing requires three elements: an

---

NCCPD is a "non-suable entity" because it is an "administrative division of the New Castle County Department of Public Safety," and "administrative sub-groups of a municipal department cannot be sued separately from the municipality." (D.I. 17 at ¶¶ 20-21)

[3] On December 11, 2015, defendants submitted a letter to the court arguing that plaintiff's answering brief should not be considered. (D.I. 26) Defendants also stated that they would stand on their opening arguments. (Id.) Given plaintiff's pro se status, the court considers her December 10, 2015 document an answering brief and addresses the merits of the case, rather than the timeliness of the answering brief.

injury in fact, a causal connection between the injury and the conduct complained of, and redressability. See id. at 561-62.

7. Furthermore, Federal Rule of Civil Procedure 17 states "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 17(a)(1) lists parties who may "sue in their own names without joining the person for whose benefit the action is brought." Specifically, Rule 17(a)(1)(A) includes "executors" within this class of parties. Fed. R. Civ. P. 17(a)(1)(A).[4]

8. Section 1501 of Title 12 of the Delaware Code states that "[n]o one shall act as the executor or administrator of a domiciliary decedent's estate within this State without letters testamentary or of administration being granted in accordance with this title." 12 Del. C. § 1501. The Delaware Code, therefore, requires that, to act as an executor or administrator of an estate in Delaware, one must possess the relevant documents attesting to his/her status as an executor or administrator. See id.

9. **Analysis**. Whether plaintiff has an "injury in fact" that would establish standing turns on whether she is the executor of Green's estate. The affidavit of the custodian of records accompanying defendants' motion to dismiss indicates that "no estate for James L. Green...has ever been opened in the Register of Wills." (D.I. 17, ex.1) The affidavit also states that "neither Letters of Testamentary nor Letters of Administration have ever been granted to Jennifer Thomas by the Register of Wills for the estate of James L. Green." (Id.) The affidavit demonstrates that plaintiff lacks the proper documentation to be considered the executor of Green's estate under Delaware

---

[4] The Practice Commentary Notes pertaining to Federal Rule of Civil Procedure 17 state that "the executor or administrator of an estate may sue in his or her own name as the real party in interest."

4

law. Without this documentation, plaintiff is not considered an executor under 12 Del. C. § 1501 and, therefore, she does not possess the requisite "injury in fact" in order to bring a claim on behalf of James Green pursuant to Federal Rule of Civil Procedure 17.[5]

10. **Conclusion**. For the above reasons, the court concludes that plaintiff has not demonstrated that she has standing to bring the asserted claim against defendants. Accordingly, defendants' motion to dismiss (D.I. 17) is granted.[6] An appropriate order shall issue.

United States District Judge

---

[5] Rule 17(a)(1)(C) permits a guardian to prosecute an action in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1)(C). Delaware court rules mirror Federal Rule of Civil Procedure 17 in that they require an action to be prosecuted in the name of the real party in interest, and they state that a guardian may sue in that person's own name without joining the party for whose benefit the action is brought. See Del. R. Com. Pl. Ct. Civ. 17; see also Del. Fam. Ct. R. Civ. P. 17. Under Title 13 of the Delaware Code, plaintiff may be the natural guardian of any minor children on the basis of her claim that she is the children's surviving parent. 13 Del. C. § 701(a). Plaintiff may be able to bring a claim on behalf of the minor children in a separate lawsuit. However, these facts and this issue are not before the court presently.

[6] Given this conclusion, the court does not address the remaining grounds for dismissal.